IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| S.M.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 2:18-CV04224-NKL |
| | ) | |
| PULASKI COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT SAPP

COMES NOW Defendant Sapp (hereinafter "Answering Defendant"), by and through his undersigned counsel of record, and for his Answer to Plaintiff's Complaint (Doc. No. 1) states and alleges to the Court as follows.

1.      Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 1 of the Complaint and, therefore, denies same.

2.      Answering Defendant denies the allegations, matters and averments made or contained in paragraph 2 of the Complaint.

3.      Answering Defendant denies the allegations, matters and averments made or contained in paragraph 3 of the Complaint.

4.      Answering Defendant denies the allegations, matters and averments made or contained in paragraph 4 of the Complaint.

5.      Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 5 of the Complaint and, therefore, denies same.

6.      Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 6 of the Complaint and, therefore, denies same.

7.      Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 7 of the Complaint and, therefore, denies same.

8.      Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 8 of the Complaint and, therefore, denies same.

9.      Answering Defendant admits Pulaski County is a political subdivision of the state of Missouri, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 9 of the Complaint and, therefore, denies same.

10.      Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 10 of the Complaint and, therefore, denies same.

11.      Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 11 of the Complaint and, therefore, denies same.

12.      Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 12 of the Complaint and, therefore, denies same.

13.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 13 of the Complaint and, therefore, denies same.

14.     Answering Defendant admits he was formerly employed as a Corporal with the Pulaski County Sheriff's Office; admits he was formerly involved in the transport of prisoner inmates; but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 14 of the Complaint and, therefore, denies same.

15.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 15 of the Complaint and, therefore, denies same.

16.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 16 of the Complaint and, therefore, denies same.

17.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 17 of the Complaint and, therefore, denies same.

18.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 18 of the Complaint and, therefore, denies same.

19.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 19 of the Complaint and, therefore, denies same.

20.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 20 of the Complaint and, therefore, denies same.

21.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 21 of the Complaint and, therefore, denies same.

22.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 22 of the Complaint and, therefore, denies same.

23.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 23 of the Complaint and, therefore, denies same.

24.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 24 of the Complaint and, therefore, denies same.

25.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 25 of the Complaint and, therefore, denies same.

26.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 26 of the Complaint and, therefore, denies same.

27.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 27 of the Complaint and, therefore, denies same.

28.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 28 of the Complaint and, therefore, denies same.

29.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 29 of the Complaint and, therefore, denies same.

30.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 30 of the Complaint and, therefore, denies same.

31.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 31 of the Complaint and, therefore, denies same.

32.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 32 of the Complaint and, therefore, denies same.

33.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 33 of the Complaint and, therefore, denies same.

34. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 34 of the Complaint and, therefore, denies same.

35. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 35 of the Complaint and, therefore, denies same.

36. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 36 of the Complaint and, therefore, denies same.

37. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 37 of the Complaint and, therefore, denies same.

38. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 38 of the Complaint and, therefore, denies same.

39. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 39 of the Complaint and, therefore, denies same.

40. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 40 of the Complaint and, therefore, denies same.

41.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 41 of the Complaint and, therefore, denies same.

42.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 42 of the Complaint and, therefore, denies same.

43.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 43 of the Complaint and, therefore, denies same.

44.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 44 of the Complaint and, therefore, denies same.

45.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 45 of the Complaint and, therefore, denies same.

46.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 46 of the Complaint and, therefore, denies same.

47.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 47 of the Complaint and, therefore, denies same.

48.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 48 of the Complaint and, therefore, denies same.

49.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 49 of the Complaint and, therefore, denies same.

50.     Answering Defendant admits he formerly served as a Corporal with the Pulaski County Sheriff's Office and was a senior transport officer; but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 50 of the Complaint and, therefore, denies same.

51.     Answering Defendant admits that he was assigned to execute a writ with regard to Plaintiff and traveled to the women's DOC facility in Chillicothe, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 51 of the Complaint and, therefore, denies same.

52.     Answering Defendant admits that when he arrived at the women's DOC facility in Chillicothe, he was in uniform; admits he obtained custody of Plaintiff; but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 52 of the Complaint and, therefore, denies same.

53.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 53 of the Complaint.

54.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 54 of the Complaint and, therefore, denies same.

55. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 55 of the Complaint.

56. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 56 of the Complaint.

57. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 57 of the Complaint.

58. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 58 of the Complaint.

59. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 59 of the Complaint and, therefore, denies same.

60. Answering Defendant admits he was placed on administrative leave, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 60 of the Complaint and, therefore, denies same.

61. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 61 of the Complaint and, therefore, denies same.

62. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 62 of the Complaint and, therefore, denies same.

63. Answering Defendant admits he was charged with a crime, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 63 of the Complaint and, therefore, denies same.

64.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 64 of the Complaint.

65.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 65 of the Complaint.

66.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 66 of the Complaint.

67.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 67 of the Complaint.

68.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 68 of the Complaint.

69.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 69 of the Complaint.

70.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 70 of the Complaint.

71.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 71 of the Complaint.

72.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 72 of the Complaint.

73.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 73 of the Complaint.

74.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 74 of the Complaint.

75.     Answering Defendant denies each and every other allegation, matter and averment made or contained in paragraphs 1 through 74 of the Complaint not specifically and previously admitted herein.

## COUNT I

76.     To the extent paragraph 75 of Count I of the Complaint incorporates by reference the allegations, matters and averments made or contained in paragraphs 1 through 74 of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

77.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 76 of the Complaint and, therefore, denies same.

78.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 77 of the Complaint and, therefore, denies same.

79.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 78 of the Complaint and, therefore, denies same.

80.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 79 of the Complaint and, therefore, denies same.

81.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 80 of the Complaint and, therefore, denies same.

82. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 81 of the Complaint and, therefore, denies same.

83. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 82 of the Complaint and, therefore, denies same.

84. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 83 of the Complaint and, therefore, denies same.

85. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 84 of the Complaint and, therefore, denies same.

86. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 85 of the Complaint and, therefore, denies same.

87. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 86 of the Complaint and, therefore, denies same.

88. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 87 of the Complaint and, therefore, denies same.

89.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 88 of the Complaint and, therefore, denies same.

90.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 89 of the Complaint and, therefore, denies same.

91.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 90 of the Complaint and, therefore, denies same.

92.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 91 of the Complaint and, therefore, denies same.

93.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 92 of the Complaint and, therefore, denies same.

94.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 93 of the Complaint and, therefore, denies same.

95.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 94 of the Complaint and, therefore, denies same.

96.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 95 of the Complaint and, therefore, denies same.

97.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 96 of the Complaint and, therefore, denies same.

98.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 97 of the Complaint and, therefore, denies same.

99.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 98 of the Complaint and, therefore, denies same.

100.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 99 of the Complaint and, therefore, denies same.

101.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 100 of the Complaint and, therefore, denies same.

102.     Answering Defendant denies each and every other allegation, matter and averment made or contained in Count I of the Complaint not specifically and previously admitted herein.

103.     Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count I of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT II

104.    To the extent paragraph 101 of Count II of the Complaint incorporates by reference the allegations, matters and averments made or contained in paragraphs 1 through 100 of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

105.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 102 of the Complaint and, therefore, denies same.

106.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 103 of the Complaint and, therefore, denies same.

107.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 104 of the Complaint and, therefore, denies same.

108.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 105 of the Complaint and, therefore, denies same.

109.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 106 of the Complaint and, therefore, denies same.

110.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 107 of the Complaint and, therefore, denies same.

111.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 108 of the Complaint and, therefore, denies same.

112.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 109 of the Complaint and, therefore, denies same.

113.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 110 of the Complaint and, therefore, denies same.

114.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 111 of the Complaint and, therefore, denies same.

115.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 112 of the Complaint and, therefore, denies same.

116.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 113 of the Complaint and, therefore, denies same.

117. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 114 of the Complaint and, therefore, denies same.

118. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 115 of the Complaint and, therefore, denies same.

119. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 116 of the Complaint and, therefore, denies same.

120. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 117 of the Complaint and, therefore, denies same.

121. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 118 of the Complaint and, therefore, denies same.

122. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 119 of the Complaint and, therefore, denies same.

123. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 120 of the Complaint and, therefore, denies same.

124.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 121 of the Complaint and, therefore, denies same.

125.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 122 of the Complaint and, therefore, denies same.

126.     Answering Defendant denies each and every other allegation, matter and averment made or contained in Count II of the Complaint not specifically and previously admitted herein.

127.     Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count II of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT III

128.     To the extent paragraph 123 of Count III of the Complaint incorporates by reference the allegations, matters and averments made or contained in paragraphs 1 through 122 of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

129.     Answering Defendant admits he was a corporal with the Pulaski County Sheriff's Office and a senior transport officer, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 124 of the Complaint and, therefore, denies same.

130.     Answering Defendant admits he was assigned to execute a writ with regard to Plaintiff and to transport her from Chillicothe to Waynesville, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 125 of the Complaint and, therefore, denies same.

131.     Answering Defendant admits that when he arrived at the women's DOC facility in Chillicothe, he was in uniform; admits he obtained custody of Plaintiff; but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 126 of the Complaint and, therefore, denies same.

132.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 127 of the Complaint.

133.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 128 of the Complaint and, therefore, denies same.

134.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 129 of the Complaint and, therefore, denies same.

135.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 130 of the Complaint.

136.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 131 of the Complaint.

137.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 132 of the Complaint.

138.    Answering Defendant denies the allegations, matters and averments made or contained in paragraph 133 of the Complaint.

139.    Answering Defendant denies the allegations, matters and averments made or contained in paragraph 134 of the Complaint.

140.    Answering Defendant denies the allegations, matters and averments made or contained in paragraph 135 of the Complaint.

141.    Answering Defendant denies the allegations, matters and averments made or contained in paragraph 136 of the Complaint.

142.    Answering Defendant denies each and every other allegation, matter and averment made or contained in Count III of the Complaint not specifically and previously admitted herein.

143.    Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count III of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT IV

144.    To the extent paragraph 137 of Count IV of the Complaint incorporates by reference the allegations, matters and averments made or contained in paragraphs 1 through 136 of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

145.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 138 of the Complaint and, therefore, denies same.

146. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 139 of the Complaint and, therefore, denies same.

147. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 140 of the Complaint and, therefore, denies same.

148. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 141 of the Complaint and, therefore, denies same.

149. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 142 of the Complaint and, therefore, denies same.

150. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 143 of the Complaint and, therefore, denies same.

151. Answering Defendant denies each and every other allegation, matter and averment made or contained in Count IV of the Complaint not specifically and previously admitted herein.

152. Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count IV of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT V

153.    To the extent paragraph 144 of Count V of the Complaint incorporates by reference the allegations, matters and averments made or contained in paragraphs 1 through 143 of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

154.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 145 of the Complaint and, therefore, denies same.

155.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 146 of the Complaint and, therefore, denies same.

156.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 147 of the Complaint and, therefore, denies same.

157.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 148 of the Complaint and, therefore, denies same.

158.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 149 of the Complaint and, therefore, denies same.

159.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 150 of the Complaint and, therefore, denies same.

160.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 151 of the Complaint and, therefore, denies same.

161.     Answering Defendant denies each and every other allegation, matter and averment made or contained in Count V of the Complaint not specifically and previously admitted herein.

162.     Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count V of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT VI

163.     To the extent paragraph 152 of Count VI of the Complaint incorporates by reference the allegations, matters, and averments made or contained in paragraphs 1 through 151 of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

164.     Answering Defendant admits he went to the women's DOC facility in Chillicothe to transport Plaintiff from Chillicothe to Waynesville, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 153 of the Complaint and, therefore, denies same.

165.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 154 of the Complaint.

166.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 155 of the Complaint.

Case 2:18-cv-04224-NKL   Document 16   Filed 12/18/18   Page 23 of 32

167. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 156 of the Complaint.

168. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 157 of the Complaint.

169. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 158 of the Complaint.

170. Answering Defendant denies each and every other allegation, matter and averment made or contained in Count VI of the Complaint not specifically and previously admitted herein.

171. Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count VI of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT VII

172. To the extent paragraph 159 of Count VII of the Complaint incorporates by reference the allegations, matters and averments made or contained in paragraphs 1 through 158 of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.[1]

173. Answering Defendant admits he went to the women's DOC facility in Chillicothe to transport Plaintiff from there to Waynesville, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 160 of the Complaint and, therefore, denies same.

---

[1] Paragraph 159 of the Complaint states Plaintiff is incorporating by reference the allegations "contained in paragraphs 1 - 58. . . ." It is believed this is a typographical error, and Plaintiff intended to refer to paragraphs "1-158."

174. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 161 of the Complaint.

175. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 162 of the Complaint and, therefore, denies same.

176. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 163 of the Complaint and, therefore, denies same.

177. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 164 of the Complaint and, therefore, denies same.

178. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 165 of the Complaint and, therefore, denies same.

179. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 166 of the Complaint.

180. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 167 of the Complaint.

181. Answering Defendant denies each and every other allegation, matter and averment made or contained in Count VII of the Complaint not specifically and previously admitted herein.

182. Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count VII of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT VIII

183.   To the extent paragraph 168 of Count VIII of the Complaint incorporates by reference the allegations, matters and averments made or contained in paragraphs 1 through 167 of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

184.   Answering Defendant admits he went to the women's DOC facility in Chillicothe to transport Plaintiff from there to Waynesville, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 169 of the Complaint and, therefore, denies same.

185.   Answering Defendant denies the allegations, matters and averments made or contained in paragraph 170 of the Complaint.

186.   Answering Defendant denies the allegations, matters and averments made or contained in paragraph 171 of the Complaint.

187.   Answering Defendant denies the allegations, matters and averments made or contained in paragraph 172 of the Complaint.

188.   Answering Defendant denies the allegations, matters and averments made or contained in paragraph 173 of the Complaint.

189.   Answering Defendant denies the allegations, matters and averments made or contained in paragraph 174 of the Complaint.

190.    Answering Defendant denies each and every other allegation, matter and averment made or contained in Count VIII of the Complaint not specifically and previously admitted herein.

191.    Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count VIII of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

192.    Answering Defendant denies each and every other allegation, matter and averment made or contained in Plaintiff's Complaint not specifically and previously admitted herein.

193.    Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Answering Defendant and fails to state a claim upon which relief may be granted against him so that the same should be dismissed at Plaintiff's costs.

194.    For other affirmative answer and defense, Answering Defendant alleges that any and all actions or acts committed by him or on his behalf were discretionary in nature and taken in good faith and were objectively reasonable under the circumstances then existing and were not in violation of clearly established law and, therefore, this Defendant is protected from liability by the doctrine of qualified immunity.

195.    For other affirmative answer and defense, Answering Defendant states any and all actions or acts committed by him or on his behalf were proper, reasonable and appropriate, and he is protected by qualified immunity, official immunity, absolute immunity and/or judicial immunity.

Case 2:18-cv-04224-NKL    Document 16    Filed 12/18/18    Page 27 of 32

196.     For other affirmative answer and defense, Answering Defendant alleges he acted with objective reasonableness under the circumstances then existing, and his conduct was justified and/or privileged and/or protected by the qualified immunity doctrine.

197.     For other affirmative answer and defense, Answering Defendant alleges that Plaintiff's damages, if any, were proximately caused by Plaintiff's own negligence and/or acts and/or the negligence and acts of others who are beyond the control of Answering Defendant, and whose fault should be compared.

198.     For other affirmative answer and defense, Answering Defendant states that to the extent, if any, that Plaintiff's Complaint attempts to state any cause of action under Missouri state law, Answering Defendant is protected from liability by Missouri's public duty doctrine and/or Missouri's official immunity doctrine and/or sovereign immunity by virtue of R.S.Mo. § 537.600, *et seq.*

199.     For other affirmative answer and defense, Answering Defendant states that Plaintiff is not entitled to any punitive damage award against him for any one or more of the following reasons:

    (a)    The standards by which Answering Defendant's conduct is to be determined as alleged by Plaintiff are vague and wholly arbitrary and, as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

    (b)    The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Answering Defendant of the potential repercussions of his alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(c)     Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable;

(d)     Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(e)     Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

(f)     Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that defendant's wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

(g)     Plaintiff's request for punitive damages cannot protect Answering Defendant against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(h)     An award of punitive damages would violate Answering Defendant' due process under the United States Constitution as well as in violation of the United States Supreme Court's decision in *Pacific Mutual Insurance Co. v. Haslip*;

(i)     To the extent Answering Defendant are being sued for tort claims under state law, punitive damages against governmental entities are prohibited and/or barred by R.S.Mo. § 537.610.

200.     For other affirmative answer and defense, Answering Defendant state the conduct, decisions, actions and/or inaction attributed to them by Plaintiff in the Complaint involved

discretionary activity and/or conduct and, accordingly, Answering Defendant are shielded from liability by operation of Missouri's official immunity doctrine.

201. For other affirmative answer and defense, Answering Defendant state the conduct, decisions, actions and/or inaction attributed to them by Plaintiff in the Complaint involved duties owed to the public at large and, therefore, Answering Defendant are shielded from liability by virtue of Missouri's public duty doctrine.

202. For other affirmative answer and defense, Answering Defendant state the conduct, decisions, actions and/or inaction attributed to them by Plaintiff in the Complaint involved discretionary action which was objectively reasonable under the circumstances then existing and was not in violation of clearly established law and, therefore, this Defendant is protected from liability by the doctrine of qualified immunity.

203. For other affirmative answer and defense, Answering Defendant state Plaintiff's claims are barred by the fact that she has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act including, but not limited to, 42 U.S.C. § 1997e(a).

204. For other affirmative answer and defense, Answering Defendant state that in the event Plaintiff is entitled to, or is awarded any damages, she is not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. § 1997e(e).

205. For other affirmative answer and defense, Answering Defendant states Plaintiff consented to the interaction between them.

206. For other affirmative answer and defense, Answering Defendant states that at the time of the events at issue in this lawsuit consensual interaction between a person in Plaintiff's position and a guard or staff member was not in violation of clearly established law as to the

constitutional rights of a plaintiff and, accordingly, Answering Defendant is entitled to qualified immunity.

207.     Answering Defendant reserves the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to him.

WHEREFORE, based upon the above and foregoing, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Answering Defendant demands a trial by jury on all issues and claims.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


   /s/ David S. Baker
David S. Baker                                         #30347
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
816-523-4667, Ext. 121; Fax:  816-523-5667
dbaker@fisherpatterson.com
*Attorneys for Defendant Sapp*


## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2018, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to the following:

James D. Myers
Jennifer J. Price
Rachel D. Longhofer
Shaffer Lombardo Shurin, PC
2001 Wyandotte Street
Kansas City, MO 64108
*Attorneys for Plaintiff*

Case 2:18-cv-04224-NKL   Document 16   Filed 12/18/18   Page 31 of 32

John R. Lightner
Baird, Lightner & Millsap, P.C.
1901-C South Ventura Avenue
Springfield, MO 65804-2700
*Attorneys for Defendants Bench, Long,*
*Pulaski County and Board of County Commissioners*

                              /s/ David S. Baker
                              DAVID S. BAKER