**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| S.M.L., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-04224-NKL |
| | ) | |
| PULASKI COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

COME NOW Defendants Pulaski County, the Pulaski County Commission, Jimmy Bench, and Ron Long (jointly "Answering Defendants"), by and through their attorneys, Baird Lightner Millsap, P.C., and for their Answer to Plaintiff's First Amended Complaint state as follows:

### PRELIMINARY STATEMENT

1.      Paragraph 1 does not contain any factual allegations, only assertions about the nature of Plaintiff's purported claims, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of paragraph 1.

2.      Answering Defendants deny the allegations of paragraph 2.

3.      Paragraph 3 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of paragraph 3.

4.      Paragraph 4 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of paragraph 4.

### JURISDICTION AND VENUE

5.      Paragraph 5 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants do not dispute the Court's jurisdiction

over the purported claims in the Complaint, but deny the allegations in the Complaint except as expressly admitted herein.

6.      Paragraph 6 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants do not dispute the Court's jurisdiction over the purported claims in the Complaint, but deny the allegations in the Complaint except as expressly admitted herein.

7.      Paragraph 7 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants do not dispute that venue is proper in this Court based on Plaintiff's purported claims, but deny the allegations in the Complaint except as expressly admitted herein.

## PARTIES

8.      Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 8 and therefore deny the same.

9.      Answering Defendants deny the allegations of paragraph 9 to the extent they assert a legal conclusion as to whether the Pulaski County Commission is "vested with final decision-making authority." Answering Defendants admit the remaining allegations of paragraph 9.

10.      Answering Defendants deny the allegations of paragraph 10 to the extent they assert a legal conclusion as to whether the Pulaski County Commission is "vested with final decision-making authority." Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 10 and therefore deny the same.

11.     Defendants object to paragraph 11 of the Complaint on the grounds that it is improper under Fed. R. Civ. P. 10(b), which requires that claims be stated in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Furthermore, and subject to that objection, paragraph 11 contains legal conclusions to which no response is required. To the extent any response is required, Answering Defendants deny the allegations of paragraph 11.

12.     Defendants object to paragraph 12 of the Complaint on the grounds that it is improper under Fed. R. Civ. P. 10(b), which requires that claims be stated in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Furthermore, and subject to that objection, paragraph 12 contains legal conclusions to which no response is required. To the extent any response is required, Answering Defendants deny the allegations of paragraph 12.

13.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 13 and therefore deny the same.

14.     Answering Defendants admit Donald Sapp was a Corporal with the Pulaski County Sheriff's Department ("PCSD") during December 2016 and until January 21, 2017, subject to all the requirements of the PCSD, and that his duties included transportation of inmates. Defendants deny the remaining allegations of paragraph 14.

**GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

15.     Answering Defendants admit the allegations of paragraph 15.

16.     Answering Defendants admit the allegations of paragraph 16.

3

17.     Answering Defendants object that the allegation in paragraph 17 is vague and ambiguous as to the relevant time frame, and as to the terms "chronically understaffed and underfunded," and that it states only an opinion, not a statement of fact in support of Plaintiffs' purported claims that can be admitted or denied. Accordingly, to the extent a response is required, Answering Defendants deny the allegations of paragraph 17.

18.     Answering Defendants deny the allegations of paragraph 18.

19.     Answering Defendants admit the allegations of paragraph 19.

20.     Answering Defendants admit that Defendant Long authored various articles titled "The Sheriff's View," but Answering Defendants deny that the allegations of paragraph 20 are a full and accurate description of the article referenced, therefore Answering Defendants deny each and every remaining allegation of paragraph 20, and aver that the article speaks for itself.

21.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 21 and therefore deny the same.

22.     Answering Defendants admit that Defendant Long authored various articles titled "The Sheriff's View," but Answering Defendants deny that the allegations of paragraph 22 are a full and accurate description of the article referenced, therefore Answering Defendants deny each and every remaining allegation of paragraph 22, and aver that the article speaks for itself.

23.     Answering Defendants admit that Defendant Long authored various articles titled "The Sheriff's View," but Answering Defendants deny that the allegations of paragraph 23 are a full and accurate description of the article referenced, therefore Answering Defendants deny each and every remaining allegation of paragraph 23, and aver that the article speaks for itself.

24.     Answering Defendants admit that Defendant Long authored various articles titled "The Sheriff's View," but Answering Defendants deny that the allegations of paragraph 24 are a full and accurate description of the article referenced, therefore Answering Defendants deny each and every remaining allegation of paragraph 24, and aver that the article speaks for itself.

25.     Answering Defendants object that the allegation in paragraph 25 is vague and ambiguous as to the relevant time frame and "high rate of attrition," and that it states only an opinion, not a statement of fact in support of Plaintiffs' purported claims that can be admitted or denied. Accordingly, to the extent a response is required, Answering Defendants deny the allegations of paragraph 25.

26.     Answering Defendants object that the allegation in paragraph 26 is vague and ambiguous as to the relevant time frame and that it states only an opinion, not a statement of fact in support of Plaintiffs' purported claims that can be admitted or denied. Accordingly, to the extent a response is required, Answering Defendants deny the allegations of paragraph 26.

27.     Answering Defendants admit that Defendant Long authored various articles titled "The Sheriff's View," but Answering Defendants deny that the allegations of paragraph 27 are a full and accurate description of the article referenced, therefore Answering Defendants deny each and every remaining allegation of paragraph 27, and aver that the article speaks for itself.

28.     Answering Defendants admit that Defendant Long authored various articles titled "The Sheriff's View," but Answering Defendants deny that the allegations of paragraph 28 are a full and accurate description of the article referenced, therefore Answering Defendants deny each and every remaining allegation of paragraph 28, and aver that the article speaks for itself.

29.     Answering Defendants admit that Defendant Long authored various articles titled "The Sheriff's View," but Answering Defendants deny that the allegations of paragraph 29 are a

5

full and accurate description of the article referenced, therefore Answering Defendants deny each and every remaining allegation of paragraph 29, and aver that the article speaks for itself.

30.　　Answering Defendants deny the allegations of paragraph 30.

31.　　Answering Defendants object that the allegations in paragraph 31 are vague and ambiguous as to the relevant time frame and in stating that the "PJC physical plant was/is an outdated facility[.]" Defendants further object these allegations contain opinions, not a statement of fact in support of Plaintiffs' purported claims that can be admitted or denied. Accordingly, to the extent a response is required, Answering Defendants deny the allegations of paragraph 31.

32.　　Answering Defendants deny the allegations in paragraph 32 to the extent they assert that monitoring was "primarily" by dispatch personnel. Answering Defendants admit the remaining allegations of paragraph 32.

33.　　Answering Defendants deny the allegations of paragraph 33.

34.　　Answering Defendants deny the allegations of paragraph 34.

35.　　Answering Defendants admit the allegations in paragraph 35.

36.　　Answering Defendants admit that jailer Joshua S. Wagner turned himself in pursuant to a warrant on June 16, 2010, and was subsequently charged under RSMo. 566.145. Answering Defendants are without sufficient information or knowledge to admit or deny the remaining allegations, matters and averments made or contained in paragraph 36 and therefore deny the same.

37.　　Answering Defendants admit the allegations in paragraph 37.

38.　　Answering Defendants admit that Defendant Sapp was involved in a motor vehicle accident in 2007 while driving his patrol car, and that the accident resulted in a fatality. Answering Defendants deny the remaining allegations of paragraph 38.

6

39.     Answering Defendants admit that the wrongful death lawsuit filed by the family of the decedent in the motor vehicle accident was settled by all parties in 2009. Answering Defendants deny the remaining allegations of paragraph 39, if any.

40.     Answering Defendants deny the allegations of paragraph 40.

41.     Answering Defendants admit that a former PCJ inmate filed a lawsuit against several defendants, including Defendant Sapp, based on an alleged rape by a different jail officer.

42.     Answering Defendants admit the allegations of paragraph 42.

43.     Answering Defendants admit that the civil suit filed by the former PCJ inmate was settled by all parties in 2009.

44.     Answering Defendants deny the allegations of paragraph 44.

45.     Answering Defendants admit the allegations of paragraph 45 to the extent that the PCSD utilized a Jail Policy and Procedure Manual ("PCJ Manual"), effective August 1, 2013, and additionally a Standard Operating Procedure Manual, effective January 4, 2014. Defendants deny the remaining allegations of paragraph 45.

46.     Answering Defendants admit that the policies, orders, and provisions of the Jail Policy and Procedure Manual and Standard Operating Procedure Manual are periodically reviewed by PCSD personnel, and are promulgated and revised subject to final approval, signature, and implementation by the Sheriff. Answering Defendants deny the remaining allegations of paragraph 46.

47.     Answering Defendants admit the PCJ manual requires more than one officer to provide transportation of high-risk inmates and U.S. Marshall inmates. Answering Defendants deny the remaining allegations of paragraph 47.

48.     Answering Defendants admit the allegations in paragraph 48.

49.     Answering Defendants deny the allegations of paragraph 49.

50.     Answering Defendants admit the allegations in paragraph 50.

51.     Answering Defendants admit that some PCSD patrol cars were equipped with a video camera system by mid-2014. Answering Defendants deny the remaining allegations of paragraph 51.

52.     Answering Defendants admit that some PCSD patrol cars were equipped with the Rural-First GPS device by early-2016. Answering Defendants admit the remaining allegations of paragraph 52.

53.     Answering Defendants admit the allegations of paragraph 53 to the extent such provisions are included in the Jail Policy and Procedure Manual and Standard Operating Procedure Manual.

54.     Answering Defendants deny the allegations of paragraph 54.

55.     Answering Defendants deny the allegations of paragraph 55.

56.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 56 and therefore deny the same.

57.     Answering Defendants admit that Defendant Sapp was a Corporal and a transport officer for the PCSD during December of 2016 and until January 21, 2017. Answering Defendants deny the remaining allegations of paragraph 57.

58.     Answering Defendants admit the allegations of paragraph 58.

59.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 59 and therefore deny the same.

60.    Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 60 and therefore deny the same.

61.    Answering Defendants admit the allegations of paragraph 61.

62.    Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 62 and therefore deny the same.

63.    Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 63 and therefore deny the same.

64.    Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 64 and therefore deny the same.

65.    Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 65 and therefore deny the same.

66.    Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 66 and therefore deny the same.

67.    Answering Defendants admit that Plaintiff reported an alleged sexual assault after she was booked into the jail, that the PCSD immediately requested the Missouri State Highway Patrol conduct an investigation, and that Defendant Sapp was placed on administrative leave and subsequently resigned. Answering Defendants deny the remaining allegations of paragraph 67.

68.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 68 and therefore deny the same.

69.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 69 and therefore deny the same.

70.     Answering Defendants admit the allegations of paragraph 70.

71.     Paragraph 71 contains only legal conclusions to which no response is required. To the extent any response is required, Answering Defendants deny the allegations of paragraph 71.

72.     Answering Defendants deny the allegations of paragraph 72.

73.     Answering Defendants deny the allegations of paragraph 73.

74.     Answering Defendants deny the allegations of paragraph 74.

75.     Answering Defendants deny the allegations of paragraph 75.

76.     Answering Defendants deny the allegations of paragraph 76, including each and every subparagraph (a) through (k).

　　　a.  Answering Defendants deny the allegations of paragraph 76, subparagraph a.

　　　b.  Answering Defendants deny the allegations of paragraph 76, subparagraph b.

　　　c.  Answering Defendants deny the allegations of paragraph 76, subparagraph c.

　　　d.  Answering Defendants deny the allegations of paragraph 76, subparagraph d.

　　　e.  Answering Defendants deny the allegations of paragraph 76, subparagraph e.

　　　f.  Answering Defendants deny the allegations of paragraph 76, subparagraph f.

　　　g.  Answering Defendants deny the allegations of paragraph 76, subparagraph g.

　　　h.  Answering Defendants deny the allegations of paragraph 76, subparagraph h.

i.  Answering Defendants deny the allegations of paragraph 76, subparagraph i.

j.  Answering Defendants deny the allegations of paragraph 76, subparagraph j.

k.  Answering Defendants deny the allegations of paragraph 76, subparagraph k.

77.  Answering Defendants deny the allegations of paragraph 77.

78.  Answering Defendants deny the allegations of paragraph 78.

79.  Answering Defendants deny the allegations of paragraph 79.

80.  Answering Defendants deny the allegations of paragraph 80.

81.  Answering Defendants deny the allegations of paragraph 81.

## COUNT I

82.  Answering Defendants hereby incorporate and re-allege their responses to all paragraphs of the Complaint as if fully set forth herein.

83.  Answering Defendants admit that Defendant Long served as the duly elected Sheriff of Pulaski County prior to Defendant Bench taking office as Sheriff. Answering Defendants deny the remaining allegations of paragraph 83.

84.  Defendants object to paragraph 84 of the Complaint on the grounds that it is improper under Fed. R. Civ. P. 10(b), which requires that claims be stated in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Furthermore, and subject to that objection, paragraph 84 contains legal conclusions to which no response is required. To the extent any response is required, Answering Defendants deny the allegations of paragraph 84.

85.  Paragraph 85 contains only legal conclusions to which no response is required. To the extent any response is required, Answering Defendants deny the allegations of paragraph 85.

11

86.     Paragraph 86 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of paragraph 86.

87.     Answering Defendants admit that Defendant Bench was previously a Lieutenant and is now the Sheriff of the PCSD. Defendants deny the remaining allegations of paragraph 87.

88.     Defendants object to paragraph 88 of the Complaint on the grounds that it is improper under Fed. R. Civ. P. 10(b), which requires that claims be stated in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Furthermore, and subject to that objection, paragraph 88 contains legal conclusions to which no response is required. To the extent any response is required, Answering Defendants deny the allegations of paragraph 88.

89.     Paragraph 89 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of paragraph 89.

90.     Answering Defendants deny the allegations of paragraph 90.

91.     Paragraph 91 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of paragraph 91.

92.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 92 and therefore deny the same.

93.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 93 and therefore deny the same.

94.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 94 and therefore deny the same.

95.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 95 and therefore deny the same.

96.     Answering Defendants deny the allegations of paragraph 96.

97.     Answering Defendants admit the allegations of paragraph 97.

98.     Answering Defendants object that the first allegation in paragraph 98 is vague and ambiguous as to the term "chronically understaffed," and that it states only an opinion, not a statement of fact in support of Plaintiffs' purported claims that can be admitted or denied. Furthermore, Answering Defendants deny that the second allegation of paragraph 98 is a full and accurate description of any "statement" by Defendant Long, therefore Answering Defendants deny each and every allegation of paragraph 98.

99.     Answering Defendants object that the first allegation in paragraph 99 is vague and ambiguous as to the term "chronically overcrowded," and that it states only an opinion, not a statement of fact in support of Plaintiffs' purported claims that can be admitted or denied. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 99, therefore  Answering Defendants deny each and every allegation of paragraph 99.

100.     Answering Defendants deny the allegations of paragraph 100.

101.     Answering Defendants deny the allegations of paragraph 101.

102. Answering Defendants deny the allegations of paragraph 102, including each and every subparagraph (a) through (k).

    a. Answering Defendants deny the allegations of paragraph 102, subparagraph a.

    b. Answering Defendants deny the allegations of paragraph 102, subparagraph b.

    c. Answering Defendants deny the allegations of paragraph 102, subparagraph c.

    d. Answering Defendants deny the allegations of paragraph 102, subparagraph d.

    e. Answering Defendants deny the allegations of paragraph 102, subparagraph e.

    f. Answering Defendants deny the allegations of paragraph 102, subparagraph f.

    g. Answering Defendants deny the allegations of paragraph 102, subparagraph g.

    h. Answering Defendants deny the allegations of paragraph 102, subparagraph h.

    i. Answering Defendants deny the allegations of paragraph 102, subparagraph i.

    j. Answering Defendants deny the allegations of paragraph 102, subparagraph j.

    k. Answering Defendants deny the allegations of paragraph 102, subparagraph k.

103. Answering Defendants deny the allegations of paragraph 103.

104. Paragraph 104 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of paragraph 104.

105. Answering Defendants admit the allegations of paragraph 105, including each subparagraph (a) through (c).

    a. Answering Defendants deny the allegations of paragraph 105, subparagraph a.

    b. Answering Defendants deny the allegations of paragraph 105, subparagraph b.

    c. Answering Defendants deny the allegations of paragraph 105, subparagraph c.

106. Answering Defendants deny the allegations of paragraph 106.

107. Answering Defendants deny the allegations of paragraph 107.

Case 2:18-cv-04224-NKL   Document 52   Filed 03/11/19   Page 14 of 34

WHEREFORE, having fully answered Count I of the Complaint, Answering Defendants pray to be discharged therefrom and for their costs herein laid out and expended.

**COUNT II**

108.    Answering Defendants hereby incorporate and re-allege their responses to all paragraphs of the Complaint as if fully set forth herein.

109.    Answering Defendants admit that Defendant Long served as the duly elected Sheriff of Pulaski County prior to Defendant Bench taking office as Sheriff. Answering Defendants deny the remaining allegations of paragraph 109.

110.    Defendants object to paragraph 110 of the Complaint on the grounds that it is improper under Fed. R. Civ. P. 10(b), which requires that claims be stated in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Furthermore, and subject to that objection, paragraph 110 contains legal conclusions to which no response is required. To the extent any response is required, Answering Defendants deny the allegations of paragraph 110.

111.    Paragraph 104 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of paragraph 111.

112.    Paragraph 112 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of paragraph 112.

113.    Answering Defendants admit that Defendant Bench was previously a Lieutenant and is now the Sheriff of the PCSD. Defendants deny the remaining allegations of paragraph 113.

114.    Defendants object to paragraph 114 of the Complaint on the grounds that it is improper under Fed. R. Civ. P. 10(b), which requires that claims be stated in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Furthermore, and

15

subject to that objection, paragraph 114 contains legal conclusions to which no response is required. To the extent any response is required, Answering Defendants deny the allegations of paragraph 114.

115.    Paragraph 115 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of paragraph 115.

116.    Paragraph 116 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of paragraph 116.

117.    Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 117 and therefore deny the same.

118.    Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 118 and therefore deny the same.

119.    Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 119 and therefore deny the same.

120.    Answering Defendants admit the allegations of paragraph 120.

121.    Answering Defendants object that the first allegation in paragraph 121 is vague and ambiguous as to the term "chronically understaffed," and that it states only an opinion, not a statement of fact in support of Plaintiffs' purported claims that can be admitted or denied. Furthermore, Answering Defendants deny that the second allegation in paragraph 121 is a full and accurate description of any "statement" by Defendant Long, therefore Answering Defendants deny each and every allegation of paragraph 121.

16

122.	Answering Defendants object that the first allegation in paragraph 122 is vague and ambiguous as to the term "chronically overcrowded," and that it states only an opinion, not a statement of fact in support of Plaintiffs' purported claims that can be admitted or denied. Furthermore, Answering Defendants deny that the second allegation of paragraph 122 is a full and accurate description of any "statement" by Defendant Long, therefore Answering Defendants deny each and every allegation of paragraph 122.

123.	Answering Defendants deny the allegations of paragraph 123.

124.	Answering Defendants deny the allegations of paragraph 124.

125.	Answering Defendants deny the allegations of paragraph 125.

126.	Answering Defendants deny the allegations of paragraph 126.

127.	Answering Defendants deny the allegations of paragraph 127.

128.	Answering Defendants deny the allegations of paragraph 128.

129.	Answering Defendants deny the allegations of paragraph 129.

WHEREFORE, having fully answered Count II of the Complaint, Answering Defendants pray to be discharged therefrom and for their costs herein laid out and expended.

## COUNT III

Answering Defendants hereby incorporate and re-allege their responses to all paragraphs of the Complaint as if fully set forth herein.

130.	Answering Defendants deny the allegations of paragraph 130.

131.	Paragraph 131 contains legal conclusions to which no response is required. To the extent any response is required, Answering Defendants deny the allegations of paragraph 131.

132.	Paragraph 132 contains legal conclusions to which no response is required. To the extent any response is required, Answering Defendants deny the allegations of paragraph 132.

17

133.     Paragraph 133 contains legal conclusions to which no response is required. To the extent any response is required, Answering Defendants deny the allegations of paragraph 133.

134.     Answering Defendants admit that Defendant Bench was previously a Lieutenant and is now the Sheriff of the PCSD. Answering Defendants deny the remaining allegations of paragraph 134.

135.     Paragraph 135 contains legal conclusions to which no response is required. To the extent any response is required, Answering Defendants deny the allegations of paragraph 135.

136.     Paragraph 136 contains legal conclusions to which no response is required. To the extent any response is required, Answering Defendants deny the allegations of paragraph 136.

137.     Paragraph 137 contains legal conclusions to which no response is required. To the extent any response is required, Answering Defendants deny the allegations of paragraph 137.

138.     Paragraph 136 contains legal conclusions to which no response is required. To the extent any response is required, Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 138 and therefore deny the same.

139.     Paragraph 139 contains legal conclusions to which no response is required. To the extent any response is required, Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 139 and therefore deny the same.

140.     Paragraph 140 contains legal conclusions to which no response is required. To the extent any response is required, Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 140 and therefore deny the same.

141. Answering Defendants admit that Defendant Sapp was involved in a motor vehicle accident in 2007 while driving his patrol car, and that the accident resulted in a fatality. Answering Defendants deny the remaining allegations of paragraph 141.

142. Answering Defendants admit that the wrongful death lawsuit filed by the family of the decedent in the motor vehicle accident was settled by all parties in 2009. Answering Defendants deny the remaining allegations of paragraph 142, if any.

143. Defendants deny the allegations of paragraph 143.

144. Answering Defendants admit that a former PCJ inmate filed a lawsuit against several defendants, including Defendant Sapp, based on an alleged rape by a different jail officer in 2006. Answering Defendants deny the remaining allegations of paragraph 144, if any.

145. Answering Defendants admit the allegations of paragraph 145.

146. Answering Defendants admit that the civil suit filed by the former PCJ inmate was settled by all parties in 2009.

147. Defendants deny the allegations of paragraph 147.

148. Defendants deny the allegations of paragraph 148.

149. Defendants deny the allegations of paragraph 149.

150. Defendants deny the allegations of paragraph 150.

151. Defendants deny the allegations of paragraph 151.

152. Defendants deny the allegations of paragraph 152.

153. Defendants deny the allegations of paragraph 153.

154. Defendants deny the allegations of paragraph 154.

155. Defendants deny the allegations of paragraph 155.

156. Defendants deny the allegations of paragraph 156.

157. Defendants deny the allegations of paragraph 157.

WHEREFORE, having fully answered Count III of the Complaint, Answering Defendants pray to be discharged therefrom and for their costs herein laid out and expended.

## COUNT IV

158. Answering Defendants hereby incorporate and re-allege their responses to all paragraphs of the Complaint as if fully set forth herein.

159. Answering Defendants admit Defendant Sapp was a corporal with the PCSD during December 2016 and until January 21, 2017, and that his duties included transportation of inmates. Defendants deny the remaining allegations of paragraph 159.

160. Answering Defendants admit the allegations of paragraph 160.

161. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 161 and therefore deny the same.

162. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 162 and therefore deny the same.

    a. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in subparagraph 162 (a) and therefore deny the same.

    b. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in subparagraph 162 (b) and therefore deny the same.

c. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in subparagraph 162 (c) and therefore deny the same.

d. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in subparagraph 162 (d) and therefore deny the same.

e. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in subparagraph 162 (e) and therefore deny the same.

f. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in subparagraph 162 (f) and therefore deny the same.

163.    Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 163 and therefore deny the same.

164.    Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 164 and therefore deny the same.

165.    Answering Defendants deny the allegations of paragraph 165.

166.    Paragraph 166 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of paragraph 166.

167.    Paragraph 167 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of paragraph 167.

168. Paragraph 168 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of paragraph 168.

169. Paragraph 169 contains only legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of paragraph 169.

170. Answering Defendants deny the allegations of paragraph 170.

171. Answering Defendants deny the allegations of paragraph 171.

WHEREFORE, having fully answered Count IV of the Complaint, Answering Defendants pray to be discharged therefrom and for their costs herein laid out and expended.

<u>COUNT V</u>

172. Answering Defendants hereby incorporate and re-allege their responses to all paragraphs of the Complaint as if fully set forth herein.

173. Answering Defendants deny the allegations of paragraph 173 and aver that the allegations do not fully or accurately describe Answering Defendants' legal duty or standard of care under applicable law.

174. Answering Defendants deny the allegations of paragraph 174.

175. Answering Defendants deny the allegations of paragraph 175.

176. Answering Defendants deny the allegations of paragraph 176.

177. Answering Defendants deny the allegations of paragraph 177.

178. Answering Defendants deny the allegations of paragraph 178.

WHEREFORE, having fully answered Count V of the Complaint, Answering Defendants pray to be discharged therefrom and for their costs herein laid out and expended.

## COUNT VI

179.     Answering Defendants hereby incorporate and re-allege their responses to all paragraphs of the Complaint as if fully set forth herein.

180.      Answering Defendants deny the allegations of paragraph 180 and aver that the allegations do not fully or accurately describe Answering Defendants' legal duty or standard of care under applicable law.

181.     Answering Defendants deny the allegations of paragraph 181.

182.     Answering Defendants deny the allegations of paragraph 182.

183.     Answering Defendants deny the allegations of paragraph 183.

184.     Answering Defendants deny the allegations of paragraph 184.

185.     Answering Defendants deny the allegations of paragraph 185.

186.     Answering Defendants deny the allegations of paragraph 186.

WHEREFORE, having fully answered Count VI of the Complaint, Answering Defendants pray to be discharged therefrom and for their costs herein laid out and expended.

## COUNT VII

187.     Answering Defendants hereby incorporate and re-allege their responses to all paragraphs of the Complaint as if fully set forth herein.

188.     Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint, therefore paragraph 188 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants admit the allegations of paragraph 188.

189.     Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint, therefore paragraph 154, including all subparagraphs (a) through (f)

23

does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 189, including all subparagraphs (a) through (f), and therefore deny the same.

190. Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint, therefore paragraph 190 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants deny the allegations of paragraph 190.

191. Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint, therefore paragraph 191 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants deny the allegations of paragraph 191.

192. Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint, therefore paragraph 192 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants deny the allegations of paragraph 192.

193. Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint, therefore paragraph 193 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants deny the allegations of paragraph 193.

WHEREFORE, having fully answered Count VII of the Complaint, Answering Defendants pray to be discharged therefrom and for their costs herein laid out and expended.

## **COUNT VIII**

194.     Answering Defendants hereby incorporate and re-allege their responses to all paragraphs of the Complaint as if fully set forth herein.

195.     Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint, therefore paragraph 195 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants admit the allegations of paragraph 195.

196.     Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint, therefore paragraph 196, including all subparagraphs (a) through (f) does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 196, including all subparagraphs (a) through (f), and therefore deny the same.

197.     Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint and paragraph 197 contains only legal conclusions, therefore paragraph 197 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants aver that Section 566.145 RSMo. speaks for itself.

198.     Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint and paragraph 198 contains only legal conclusions, therefore paragraph 198 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants aver that Section 566.145 RSMo. speaks for itself.

199.     Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint and paragraph 199 contains only legal conclusions, therefore paragraph

199 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants aver that Section 566.145 RSMo. speaks for itself.

200.    Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint, therefore paragraph 200 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants deny the allegations of paragraph 200.

201.    Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint and paragraph 201 contains only legal conclusions, therefore paragraph 201 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants deny the allegations of paragraph 201.

202.    Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint and paragraph 202 contains only legal conclusions, therefore paragraph 202 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants deny the allegations of paragraph 202.

WHEREFORE, having fully answered Count VIII of the Complaint, Answering Defendants pray to be discharged therefrom and for their costs herein laid out and expended.

## <u>COUNT IX</u>

203.    Answering Defendants hereby incorporate and re-allege their responses to all paragraphs of the Complaint as if fully set forth herein.

204.    Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint, therefore paragraph 204 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants admit the allegations of paragraph 204.

26

205. Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint, therefore paragraph 205, including all subparts (a) through (f) does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 205, including all subparts (a) through (f), and therefore deny the same.

206. Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint and paragraph 206 contains only legal conclusions, therefore paragraph 206 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants deny the allegations of paragraph 206.

207. Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint and paragraph 207 contains only legal conclusions, therefore paragraph 207 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants deny the allegations of paragraph 207.

208. Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint and paragraph 208 contains only legal conclusions, therefore paragraph 208 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants deny the allegations of paragraph 208.

209. Plaintiff does not purport to state a claim against the Answering Defendants in Count VI of the Complaint and paragraph 209 contains only legal conclusions, therefore paragraph 209 does not require a response from the Answering Defendants. To the extent a response is deemed required, Answering Defendants deny the allegations of paragraph 209.

WHEREFORE, having fully answered Count IX of the Complaint, Answering Defendants pray to be discharged therefrom and for their costs herein laid out and expended.

## AFFIRMATIVE AND OTHER DEFENSES

Answering Defendants, by and through their counsel of record, state the following by way of affirmative defenses and additional matters:

1.      Answering Defendants restate and incorporate each and every foregoing paragraph of this Answer as though fully set forth herein.

2.      Answering Defendants hereby deny the allegations set forth in Plaintiff's Complaint to the extent that those allegations are not expressly admitted herein.

3.      Plaintiff's Complaint fails to state a claim against Answering Defendants upon which relief may be granted, so the same should be dismissed at Plaintiff's cost.

4.      Plaintiff's claims are barred by the fact she has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, including but not limited to 42 U.S.C. § 1997e(a).

5.      Plaintiff's Complaint fails to state a claim against Defendant Bench, Defendant Long, or the Board of Commissioners of Pulaski County because it fails to set out facts showing sufficient personal involvement as required for a § 1983 claim.

6.      Defendant Bench, Defendant Long, and the Board of Commissioners of Pulaski County are protected from liability by the doctrine of qualified immunity because any and all actions or inactions by them or by others on their behalf were discretionary in nature, taken in good faith, without malice, were objectively reasonable under then-existing circumstances and were not in violation of clearly established law.

7. Defendant Bench, Defendant Long, and the Board of Commissioners of Pulaski County are protected from liability by absolute immunity, and/or judicial immunity.

8. The Board of Commissioners and individual commissioners are protected from liability by legislative immunity because their only purported involvement in the alleged events was through their function as county legislators.

9. Defendant Bench, Defendant Long, and the Board of Commissioners of Pulaski County are protected from liability by Missouri's official immunity doctrine because any and all actions or inactions by them or by others on their behalf were discretionary in nature, not ministerial, and were taken in good faith, without malice,.

10. Defendant Bench, Defendant Long, and the Board of Commissioners of Pulaski County are protected from liability by Missouri's public duty doctrine because Plaintiff's allegations only concern duties that Defendant Bench and Defendant Long owed to the general public, not to particular individuals.

11. To the extent that Plaintiff's Complaint purports to state any claims against Pulaski County or its employees in their official capacity under Missouri state law or common law, including but not limited to any tort claim, Pulaski County has sovereign immunity from such claims by virtue of RSMo. § 537.600 et seq.

12. To the extent Plaintiff attempts to hold Answering Defendants liable in an official capacity, or otherwise attempts to hold Pulaski County liable under § 1983 for their alleged conduct, Plaintiff fails to state a claim for municipal liability because she has not sufficiently alleged a specific policy, practice or custom which was the moving force behind Plaintiff's alleged injuries, or that Pulaski County had knowledge of, and was deliberately indifferent to, a pattern of previous constitutional violations.

29

13.     To the extent Plaintiff attempts to hold Answering Defendants liable under a theory of *respondent-superior*, her allegations fail to give rise to an actionable claim under § 1983.

14.     To the extent Plaintiff attempts to hold Answering Defendants liable under a theory of negligence, her allegations fail to give rise to an actionable claim under § 1983.

15.     Plaintiff cannot establish that Answering Defendants acted with deliberate indifference, with recklessness or with disregard to a known risk to Plaintiff's health, or that any response by Answering Defendants was obviously inadequate.

16.     Plaintiff's damages, if any, were proximately caused by her own negligence and/or acts and/or negligence and acts of others who are beyond the control of Answering Defendants, and whose fault should be compared.

17.     To the extent that Plaintiff's Complaint attempts to seek or obtain injunctive or equitable relief, such relief is not available on the grounds that Plaintiff lacks standing, fails to present a justiciable claim, and/or has failed to satisfy the "case or controversy" judicial requirement of the United States Constitution.

18.     To the extent Answering Defendants are being sued in their representative or official capacities, Plaintiff is not entitled to any punitive damage award against them or Pulaski County because punitive damages may not be awarded against a municipal entity in a claim under 42 U.S.C. § 1983.

19.     Further answering, these answering Defendants state that Plaintiff is not entitled to any punitive damage award against them for any one or more of the following reasons:

a)  The standards by which Answering Defendants' conduct is to be determined as alleged by Plaintiff are vague and wholly arbitrary and, as such, deny due process

30

in violation of the Fifth and Fourteenth Amendments of the United States Constitution and the same or similar provisions of the Missouri Constitution;

b) The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Answering Defendants of the potential repercussions of their alleged conduct, and are subject to the unbridled discretion of the fact finder thereby denying due process under the Fifth and Fourteenth Amendment of the United States Constitution and the same or similar provisions of the Missouri Constitution;

c) Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and the same or similar provisions of the Missouri Constitution are applicable;

d) Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and the same or similar provisions of the Missouri Constitution;

e) Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and the same or similar provisions of the Missouri Constitution;

f) Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution and the same or similar provisions of the Missouri Constitution in that Defendants' wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

31

g) Plaintiff's request for punitive damages cannot protect Answering Defendants against multiple punishments for the same alleged wrong thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution and the same or similar provisions of the Missouri Constitution;

h) An award of punitive damages would violate Answering Defendants' due process under the United States Constitution and the same or similar provisions of the Missouri Constitution as well as in violation of the United States Supreme Court's decision in *Pacific Mutual Insurance Co. v. Haslip*;

i) To the extent Answering Defendants are being sued in their representative and/or official capacity, Plaintiff is not entitled to any punitive damage award against them, and because punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 pursuant to the United States Supreme Court's opinion in *City of Newport v. Fact Concerts, Inc*.;

j) To the extent Answering Defendants are being sued for tort claims under state law, punitive damages against governmental entities are prohibited and/or barred by RSMo. § 537.610.

20. In the event Plaintiff is entitled to, or is awarded any damages, she is not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. § 1997e(e).

21. Plaintiff is not entitled to the recovery of any attorney's fees in this matter except to the extent permitted by the Prison Litigation Reform Act, including 42 U.S.C. §1997e(d) and each of its subsections (1) through (4), and subject to the cap set forth therein.

22.     Should Answering Defendants prevail on any of the claims brought by Plaintiff, Answering Defendants are entitled to their reasonable costs and attorney's fees incurred herein pursuant to 42 U.S.C. § 1988(b).

23.     Answering Defendants incorporate by this reference each and every affirmative defense set forth by any other Defendant in this matter as though set fully set forth herein.

24.     Answering Defendants reserve the right to assert and plead additional affirmative defenses when facts supporting such defenses become known and available during the course of this litigation.

WHEREFORE, based upon the above and foregoing, Answering Defendants respectfully pray to be dismissed from this action, for costs and expenses, including attorneys' fees incurred in defending this matter and for any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Answering Defendants hereby request that a trial by jury be had on all issues so triable.

Respectfully Submitted,

BAIRD LIGHTNER MILLSAP, P.C.

BY:___/s/  _Katherine A. Thompson_____
            JOHN R. LIGHTNER, Mo Bar #30436
            KATHERINE A. THOMPSON, Mo Bar #65076
            1901-C South Ventura Avenue
            Springfield, MO 65804-2700
            Telephone (417) 887-0133
            Facsimile (417) 887-8740
            jlightner@blmlawyers.com
            kodell@blmlawyers.com
            *Attorneys for Defendants Pulaski County, Pulaski*
            *County Board of Commissioners, Jimmy Bench, and*
            *Ron Long*

33

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy of the same to the following:

James D. Myers
Jennifer Price
Rachael D. Longhofer
2001 Wyandotte Street
Kansas City, MO 64108
*Attorneys for Plaintiff*

David S. Baker
Fisher, Patterson, Sayler & Smith, LLP
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
*Attorneys for Defendant Sapp*

/s/ *Katherine A. Thompson*
Attorney